IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Paul L Pierre,<br><br>Plaintiff<br><br>v.<br><br>Capital One Bank (USA) NA, Allied Interstate Inc., AllianceOne Receivables Management Inc.<br><br>Defendant(s) | Case No: _____<br>JURY DEMAND |

**PLAINTIFF'S COMPLAINT**

Plaintiff, Paul L Pierre ("Plaintiff") brings this action under the Fair Debt Collections Practices Act, 15 USC §1692, *et seq.* ("FDCPA"), as well as under the Texas Debt Collection Act, Texas Finance Code §392.001, et seq. ("TDCPA") and the Texas Deceptive Trade Practices Act, Subchapter E, Chapter 17, Business & Commerce Code ("DTPA"), to obtain actual, statutory damages, injunctive relief and other relief for the Defendants' violations of the FDCPA, the TDCPA and the DTPA.

**A. JURISDICTION & VENUE**

1. Jurisdiction of this Court attains pursuant to 15 USC §1692k(d), 28 USC §1331 and §1337(a) and the doctrine of pendant jurisdiction for the TDCPA claims pursuant to 28 USC §1367.

2. Venue is proper in the Southern District of Texas under 28 USC §1391(b)-(c) and because a substantial part of the acts and transactions occurred

1

here and all of the Defendants transacted business here and the Plaintiff resides here.

## B. PARTIES

3. Plaintiff is a citizen of the State of Texas and an individual who resides in Harris County Texas and a "consumer" as defined by 15 USC §1692a(3) and TDCPA §392.001(1).

4. Defendant, Capital One Bank (USA) NA, is an national bank engaged in the business of extending credit and collecting debts, with the registered agent for service, Corporation Systems Company, whom may be served with process, via the Texas Secretary of State via certified mail, at 2180 South 1300 East, Suite 650, Salt Lake City UT 84106.

5. Defendant, Allied Interstate Inc., is an entity engaged in the business of collecting consumer debts, an Ohio Corporation doing business throughout Texas with the registered agent for service, CT Corporation System, who may be served by and through the Texas Secretary of State via certified mail, at 1300 East Ninth St, Cleveland, OH 44114.

6. Defendant, AllianceOne Receivables Management Inc, is an entity engaged in the business of collecting consumer debts, a Delaware Corporation doing business throughout Texas with the registered agent for service, The Corporations Trust Company, who may be served by and through the Texas Secretary of State via certified mail, at 1209 Orange Street, Wilmington DE 19801.

7. All Defendants are in the business of the collection of consumer debts. Defendants are "debt collectors" as defined by 15 USC §1692a(6) and TDCPA §392.001(6). Defendants are also "third party debt collectors" as defined by TDCPA §392.001(7).

## C. FACTUAL ALLEGATIONS

8. On or about October 2009, the Plaintiff retained the Iniguez Law Firm PC (hereinafter "Iniguez") to assist him with his delinquent Capital One account ending in 3286.

9. In that endeavor, Iniguez sent a letter to Capital One Bank (USA) NA (hereinafter "Capital One") which disputed said account, requested verification of said account and put Capital One on notice of legal representation. See Exhibit 1.

10. Capital One, in complete and intentional disregard of said notice, continued making collection calls and sending collection notices directly to the consumer. See Exhibit 2, a copy of one of the collection letters of Capital One.

11. Therefore, on or about February 22, 2010, Iniguez sent another notification to Capital One. See Exhibit 3.

12. Regardless or perhaps because of the above notice, Capital One placed Plaintiff's account for collection with a third party debt collector Allied Interstate, Inc (hereinafter "Allied").

13. Allied proceeded to also directly contact the Plaintiff with collection notices and collection calls, even though such account was disputed, a request for

verification was made and Defendants knew the Plaintiff to be represented by counsel.

14. On March 17, 2010, Plaintiff received an initial notice from Allied, in which such letter, among numerous violations, demanded "payment in full" or a demand to contact their office if Plaintiff could not "pay in full", which overshadowing the Plaintiff's dispute rights. See Exhibit 3.

15. On or about March 18, 2010, Iniguez sent Allied the same letter of dispute, request for verification and notice of legal representation. See Exhibit 4.

16. Regardless of said notice, Allied continued to directly contact the Plaintiff, without verifying said debt throughout March, April and May 2010.

17. As a result, in April 20, 2010, Iniguez sent Allied a letter of violations. See Exhibit 4.

18. Thereafter, Capital One moved such account of Plaintiff and placed it with another third party debt collector, AllianceOne Receivables Management Inc. (hereinafter "AllianceOne").

19. Again, beginning May 24, 2010, AllianceOne began directly contacting the Plaintiff in regards to said debt, even though said debt will still disputed, no Defendant has still verified said account and even though all Defendants still knew the Plaintiff was represented by counsel. See Exhibit 5.

20. On June 7, 2010, Plaintiff received an initial notice from AllianceOne, in which such letter, among numerous violations, demanded "payment in full" or a demand to contact their office if Plaintiff could not "pay in full", which overshadowing the Plaintiff's dispute rights. See Exhibit 6.

21. Even though both Plaintiff and Iniguez notified AllianceOne of said dispute, requests for verification and attorney representation, AllianceOne continued direct collection with the Plaintiff. See just one such communication after this notice, dated August 17, 2010, Exhibit 7.

22. Up to and including this date, no Defendant has ever marked Plaintiff's account as disputed, reported such dispute to the credit reporting agencies, verified said debt or recognized Plaintiff's attorney representation.

23. The foregoing acts and omission of the Defendants were undertaken willfully, intentionally and knowingly and/or in gross disregard of the rights of the Plaintiff.

### D.  FIRST CLAIM FOR RELIEF

24. Plaintiff, repeats, realleges and incorporates by reference paragraphs 1-18.

25. The Defendants' violations of the FDCPA include, but are not limited to the following:

    a. Falsely representing that the Plaintiff owed the alleged debt 15 USC §1692c(2)(A); and

    b. Communicating with a consumer they knew to be represented by an attorney 15 USC §1692e; and

    c. Misrepresenting the character and/or legal status of the debt 15 USC §1692e; and

   d. Threatening to take action and taking action that cannot be taken 15 USC §1692e(5); and

   e. False representations or deceptive means to collect or attempt to collect a debt 15 USC §1692e(10); and

   f. Engaging in conduct the natural consequence of which was to harass, oppress, or abuse a person in connection with the collection of a debt 15 USC §1692d.

   g. Using unfair and unconscionable means to collect or attempt to collect a debt 15 USC §1692f.

26. Under 15 USC §1692k the Defendant' violations of the FDCPA render them jointly and severally liable to the Plaintiff for actual damages, statutory damages, declaratory relief, costs and attorney fees.

### E.  SECOND CLAIM FOR RELIEF

27. Plaintiff, repeats, realleges and incorporates by reference paragraphs 1-21.

28. The Defendants' violations of the Texas Finance Code that include, but are not limited to the following:

   a. Violations of §392.301(a)(8), by threatening to take and taking action prohibited by law; and

   b. Violations of §392.304(a)(8) by misrepresenting the character, amount and status of the consumer debt; and

   c. Violations of §392.304(a)(19) by using false representation and deceptive means to collect a debt; and

29. Under §392.403 the Defendants' violations of the TDCPA render them jointly and severally liable to Plaintiff for actual damages, statutory damages, injunctive relief, declaratory relief, costs and reasonable attorney fees.

### F. THIRD CLAIM FOR RELIEF

30. Plaintiff, repeats, realleges and incorporates by reference paragraphs 1-21.

31. The Defendants' violations of the Texas Finance Code also constitute a deceptive trade practice under Subchapter E, Chapter 17, Business & Commerce Code and is actionable under that subchapter.

32. Under Tex. Bus. & Com. Code §17.50(b)(2) the Defendants' violations of the DTPA render the jointly and severally liable to the Plaintiff for treble damages, injunctive relief and reasonable attorney fees.

33. Defendant's illegal abusive collection communication as more fully described above was the direct and proximate cause of severe emotional distress on the part of Plaintiff and caused him unnecessary personal strain and Plaintiff is requesting exemplary damages.

34. Plaintiff has suffered actual damages as a result of this illegal collection communication by these Defendants in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays this Court:

1. Declare the Defendants' actions violate the FDCPA, the Texas Finance Code and the Texas Deceptive Trade Practices Act; and

2. Enjoin the Defendants' actions which violate the Texas Finance Code and Texas Deceptive Trade Practices Act; and

3. Enter judgment for Plaintiff against the Defendants for actual damages, statutory damages, costs, attorney fees as provided by 15 USC §1692k(a) and/or Texas Finance Code §392.403 and treble damages under the Texas Deceptive Trade Practices Act; and

4. Enter a judgment for exemplary damages; and

5. Grant such other further relief as is deemed just.

Dated: October 6, 2010

    s/Kimberly Soard_____
Kimberly Soard, State Bar No 00797815
SD of Texas No 5689451
The Law Offices of Kimberly Soard PC
3722 Bristleleaf Dr
Katy, TX 77449
281-647-0899
Facsimile 832-553-3087
Attorney for Plaintiff(s)